UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re:<br><br>WESTBOROUGH SPE LLC<br>          Debtor(s)<br><br>LOLONYON AKOUETE,<br>          Plaintiff(s)<br>v.<br><br>JONATHAN GOLDSMITH, individually<br>and as Chapter 7 Trustee for the Estate of<br>Westborough SPE LLC, *et al.*<br>          Defendant(s) | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Chapter 7<br>Case No. 23-40709-CJP<br><br><br><br>Adv. Pro. No. 25-4033-CJP |

### ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

Before the Court is the *Emergency Motion for Preliminary Injunction, Declaratory Relief, and Immediate Partial Payment of $10,000 on Account of Movants Compensable Contribution to Estate Asset Preservation* [ECF No. 3] (as supplemented by ECF No. 45, the "Motion") filed by the plaintiff Lolonyon Akouete.  The Motion is DENIED.

In the Motion, Mr. Akouete ("Movant") requests that this Court enter an order on an emergency basis "granting":

1. "A preliminary injunction restraining ongoing retaliation and discriminatory exclusion by the Chapter 7 Trustee in the administration of this case, and requiring segregation of the disputed California unclaimed funds;"

2. " A declaratory judgment that Movant has conferred a substantial and compensable benefit on the Debtor and its stakeholders by preserving the 231 Turnpike Road property and initiating recovery of approximately $1.293 million in California unclaimed funds;" and

3. "An immediate partial payment of $10,000 on account of that compensable contribution, as provisional relief to alleviate acute financial hardship and preserve Movant's ability to

participate meaningfully in these proceedings, without prejudice to the final determination of the amount of his claim."

Mot., 4.[1]

In considering a request for a preliminary injunction, the Court looks to Fed. R. Bankr. P. 7065, which makes applicable Fed. R. Civ. P. 65. Bankruptcy Rule 7065 provides that Civil Rule 65 applies in adversary proceedings, except that a preliminary injunction may be issued on application of a debtor, trustee, or debtor in possession without compliance with Civil Rule 65(c). Fed. R. Bankr. P. 7065. As that exception does not apply, the Movant would be subject to that security provision depending on the scope of the relief ultimately obtained. The First Circuit has "crafted a four-part framework for use in determining whether the grant or denial of preliminary injunctive relief is appropriate. Under this formulation, trial courts must consider (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest." *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 15–16 (1st Cir. 1996) (citations omitted). "Likelihood of success is the main bearing wall of the four-factor framework." *Id.* at 16 (citing *Weaver v. Henderson*, 984 F.2d 11, 12 (1st Cir. 1993)).

Looking first to the likelihood of success on the merits of the underlying claims supporting the Movant's specific requested relief, the Movant does not demonstrate a likelihood of success on the merits.[2] While the Movant alleges "retaliation and discriminatory exclusion"

---

[1] The pages of the Motion are unnumbered, but the reference is to page 4 of 11 of the filing at ECF No. 3.

[2] The Court makes no assessment at this time whether the *Barton* doctrine could apply to require leave of this Court to bring this suit against the Trustee. Most cases and First Circuit authority appear to limit application of that doctrine to cases brought in courts other than the "appointing" court. *See, e.g., In re Horton*, 612 B.R. 400, 405

2

by the Trustee "in the administration of [the Chapter 7] case," the examples alleged relate to the Trustee's exercise of business judgment in the conduct of settlement negotiations. The communications by the Trustee with third parties may evidence skepticism regarding the validity of the claim of the Movant and an intention to aggressively litigate a claim objection, but the alleged actions by the Trustee, without more, do not demonstrate any racial motivation or bias that would support a finding of likelihood of success on the merits.

Based on the record of this case, it is undisputed that the Movant was a stranger to the Debtor who appears to have discovered through public records unclaimed funds and other assets of the Debtor. The Movant has been extremely active in this case and aggressive in pursuing a claim that resulted from him obtaining the signature of a former officer of a former corporate manager of the Debtor, who apparently was the subject of a guardianship order residing in an elder care facility. The Movant and another "asset recovery specialist" assert they were appointed as managers of the Debtor and the Movant contends he is entitled to more than $3 million in compensation for his actions as a manager. The Trustee objected to that claim. Cross motions for summary judgment are now under advisement. On an initial review of those pleadings, the Court does not find the Trustee's objection to be frivolous or unsupported – or in any way inconsistent with the duties of a chapter 7 trustee or demonstrating an improper bias.

The Movant also seeks an order requiring segregation of unclaimed funds recovered by the Trustee from the State of California. This Court has ruled several times that the Movant lacks standing to assert the claims of third parties and may not act without an attorney on behalf of the Debtor (even if he is determined to have authority as manager of the Debtor). Further, to

---

(Bankr. D.N.M. 2020) (collecting cases); *see also LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 5 (1st Cir. 1999).

3

the extent that the Movant purports to assert claims that the Debtor has no interest in the recovered funds in his capacity as a purported creditor of the estate, the claims defy logic in that, if correct, such a result would potentially decrease funds available to creditors. If the Movant is arguing that the underlying documents should be read to create a constructive trust in his favor, he does not attach any document that supports that conclusion or the conclusion that funds in the name of the Debtor should be determined to be for the benefit of unnamed third-party beneficiaries. At this juncture, this Court does not find that the Movant has a likelihood of success on the merits on this claim.

Balancing the other factors to be considered in connection with a request for a preliminary injunction against the great weight of my determination that the Movant cannot demonstrate a likelihood of success on the merits, the Movant cannot meet his burden. I do not find the potential for irreparable harm if the injunction is denied in that the Movant has filed a very large number of motions and has participated in this proceeding without any constraint with respect to nonduplicative claims for relief. The balance of harms weighs in favor of the estate in that unwarranted restrictions on the Trustee may affect the efficient administration of the estate – and this Court will not compel the Trustee to engage in further settlement discussions while the motions for summary judgment are pending if he has exercised business judgment not to do so. For similar reasons, on the current record, the public interest would not be served by the requested injunction.

The Movant requests on an emergency basis that the court enter a "declaratory judgment" determining issues that are the subject of the Trustee's claim objection and the pending motions for summary judgment. This requested relief is in the nature of final relief and not properly the subject of a preliminary order. Finally, the Movant requests an "immediate partial payment of

4

$10,000 on account of that compensable contribution." The Movant filed a supplement reducing this request for immediate relief to a distribution of $5,000 "as an identifiable, severable component of Claim 4.1." ECF No. 45, ¶ 11. For all of the reasons above and in ruling on prior requests, the Court cannot grant that relief. While the Court has previously expressed sympathy for the Movant's stated financial hardships that he has raised at other times in this case, and which difficulties appear to have persisted for several years, the Court has denied similar requests on several occasions (including recently) to compel an interim distribution on the Movant's disputed claim. The Court will not grant that extraordinary relief on a disputed claim because it has now been repackaged as a request for a preliminary injunction and declaratory relief.

Because the Movant requested emergency determination, the history of the Movant filing a large volume of motions that have been denied as duplicative or on the merits resulting in this Court ordering that parties need not file responses unless the Court establishes a response deadline, and the fact that the Movant is now requesting relief similar to that which has been denied previously, the Court enters this order without the need for responsive pleadings. Parties rights are reserved with respect to the Complaint.

By the Court,

Dated: December 5, 2025

_____
Christopher J. Panos
United States Bankruptcy Judge